NOT FOR PUBLICATION                                                                                         [22]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                                :
PAULA VEGGIAN.,                                      :        Civil Action No. 05-0070
                                                                :
        Plaintiff,                                         :        **OPINION**
    v.                                                     :
                                                                :
CAMDEN BOARD OF EDUCATION,      :
ANNETTE KNOX, FRED REISS, AND  :
LUIS PAGAN,                                            :
                                                                :
        Defendants.                                    :
_____:

**WOLFSON, UNITED STATES DISTRICT JUDGE**

      Before the Court are the motion by Plaintiff Paula Veggian ("Plaintiff"), pursuant to L. Civ. R. 7.1, for reconsideration of the Court's May 30, 2006 Order granting in part and denying in part the motion for summary judgment filed by Defendants Camden City Board of Education, Annette Knox, Fred Reiss, and Luis Pagan ("Defendants"), and Defendants' request for fees and costs, pursuant to Fed. R. Civ. P. 11.  For the reasons set forth below, both Plaintiff's motion for reconsideration and Defendants' request for fees and costs are denied.

**I.     BACKGROUND**

      On January 7, 2005, Plaintiff commenced this action by way of a seven-count Complaint. The Complaint alleged that, in response to Plaintiff's disclosure of grade discrepancies at Brimm Medical Arts High School in July 2004, Defendants Camden City Board of Education, Annette

Knox, Fred Reiss, and Luis Pagan took adverse employment actions against Plaintiff, in violation of 42 U.S.C. § 1983 (First Amendment and due process), 42 U.S.C. § 1985, Public Policy of the State of New Jersey, the New Jersey Constitution, and the Conscientious Employee Protection Act (CEPA).  The Complaint also included a claim for attorney's fees and punitive damages pursuant to 42 U.S.C. § 1988.  On October 21, 2005, Defendants moved to dismiss Plaintiff's Complaint or, in the alternative, for summary judgment, claiming that Plaintiff did not suffer any adverse employment action.  Plaintiff filed her Opposition on November 22, 2005.  On May 25, 2006, the Court held oral argument, and on May 30, 2006, the Court entered an Order, granting in part and denying in part Defendants' motion for summary judgment and incorporating the reasons stated on the record.  In the May 30, 2006 Order, the Court dismissed Count Three (Civil Conspiracy), Count Four (Violation of Public Policy), Count Five (Violation of New Jersey Constitution), and Count Six (CEPA), and denied summary judgment with respect to the remaining counts of Plaintiff's Complaint.  On June 8, 2006, Plaintiff filed this Motion for Reconsideration, to which Defendants filed their Opposition on June 23, 2006.  Defendants' Opposition included a request for fees and costs, pursuant to Fed. R. Civ. P. 11.

**II.    RECONSIDERATION STANDARD[1]**

Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there

---

[1] While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such a review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2005).  Courts in this district have routinely held that although Local Civil Rule 7.1(i) is entitled "Motions for Reargument," "'[r]econsideration' and 'reargument' are interchangeable terms," and, however denominated, are governed by the rule. Public Interest Research Group v. Yates Indus., 790 F. Supp. 511, 512 n.1 (D.N.J. 1991).  Consequently, motions for reconsideration filed in the District of New Jersey are governed by L. Civ. R. 7.1(i), rather than Fed. R. Civ. P. 59(e).  Compaction Sys. Corp., 88 F. Supp. 2d at 345.

are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(I); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n.12 (D.N.J. 2002).² Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F. Supp. 2d at 507. A motion for such reconsideration must be filed "within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i). A timely motion for reconsideration may only be granted if "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Interfaith Cmty. Org., 215 F. Supp. 2d at 507; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Hence, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v. Firstrust Sav. Bank, 760 F. Supp. 431, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by [the] Court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J.

---

² In Interfaith Cmty. Org., the court cited L. Civ. R. 7.1(g) as the provision governing a motion for reconsideration in this district. On February 24, 2005, certain amendments to our Local Rules became effective. Reconsideration motions are now governed by L. Civ. R. 7.1(i).

1990).

     In the present case, Plaintiff contends that reconsideration is warranted because of newly discovered evidence in the form of two newspaper articles that were published after the Court's granting of partial summary judgment.  Plaintiff asserts that the June 4, 2006 and June 6, 2006 articles published in the Philadelphia Inquirer and Courier Post, respectively, establish that Defendant Annette Knox received bonuses for improved test performance and graduation rates and are therefore evidence of Defendant Knox's motivation for retaliating against Plaintiff after her discovery of grade tampering.  However, these facts are not relevant to the Court's rationale for granting partial summary judgment and dismissing Counts Three, Four, Five, and Six.  Count Six, Plaintiff's CEPA claim, was dismissed based on the Court's finding, on the record, that Plaintiff did not suffer an adverse employment action because her involuntary transfer from the scheduler position at Brimm to a math teaching position at Camden High was never completed.  R. at 20-21.  In addition, Count Three, Plaintiff's claim under 42 U.S.C. § 1985(3), was dismissed because Plaintiff was not alleging involuntary servitude or interstate travel, the only rights the Supreme Court has recognized as protected by Section 1985(3).  R. at 41-42.  Count Four, Plaintiff's public policy claim, was dismissed as necessarily waived by the filing of the CEPA claim, and Count Five, Plaintiff's free speech claim under the New Jersey Constitution, was dismissed because Plaintiff failed to show that a private cause of action existed.  R. at 4, 43.  The facts presented by Plaintiff in the two newspaper articles are thus not relevant to the Court's reasoning in dismissing these claims, and do not alter the Court's disposition of the matter.  Instead, they may be relevant to the undismissed retaliation claim under the First Amendment and 28 U.S.C. § 1983.

Plaintiff also alleges that reconsideration is necessary to prevent manifest injustice because partial summary judgment was granted before Plaintiff had completed discovery. In particular, Plaintiff argues that she be allowed to depose (1) Joseph Carruth, the principal of Brimm High School, and (2) Fredrick Clayton, another Board employee, and that such depositions are likely to yield information about pressure to manipulate test scores and grades, as well as the reasons for Clayton's paid suspension and proposed agreement with the Board. However, Plaintiff made this same argument in her opposition to Defendants' original motion. The Court was therefore aware of this outstanding discovery when oral argument was heard and the Order granting partial summary judgment was entered. Moreover, Plaintiff does not suggest that such depositions will bring forth information that is relevant to the Court's finding that Plaintiff did not suffer an adverse employment action, nor does she suggest that such depositions will provide information that is relevant to the other claims that were dismissed. Therefore, the Court is not persuaded that reconsideration is needed to prevent any manifest injustice.

Finally, Plaintiff presents no controlling law not already considered by the Court in this matter, nor does Plaintiff demonstrate that the reasons stated on the record and incorporated in the Court's May 30, 2006 Order contained an error of law requiring modification of the judgment therein. Although the Court hereby denies Plaintiff's motion for reconsideration, the Court does not find that Plaintiff's allegations were patently unmeritorious or frivolous. Because Plaintiff could have honestly believed that the newly discovered newspaper articles warranted reconsideration of the Court's Order granting partial summary judgment, the Court does not find that this is the type of case that warrants the severity of Rule 11 sanctions.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied, and Defendants' request for attorney fees and costs is denied.

/s/ Freda L. Wolfson

The Honorable Freda L. Wolfson
United States District Judge

Date:   October 31, 2006